IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) Case No. 3:16-cv-26 |
| v. | ) |
| AMERICANWAY MANAGEMENT CORPORATION and JANIS NOWAK, | ) |
|     Defendants. | ) |

**ORDER APPOINTING A RECEIVER**

This matter has come before the Court upon the Motion for Contempt filed by the United States. (Dkt. 7.) The Court issued an Order of Contempt holding defendants AmericanWay Management Corporation (hereinafter, "AmericanWay") and Janis Nowak in contempt on April 20, 2017. (Dkt. 18.) As a sanction for the defendants' civil contempt and pursuant to 26 U.S.C. § 7402(a), the Court will appoint a receiver to assume financial control of both AmericanWay and the assisted living facilities owned and operated by Nowak (the "Assisted Living Facilities" and, together with AmericanWay, the "Businesses") on a limited basis and in compliance with the terms of this Order.

Accordingly, it is hereby **ORDERED** that:

1. Rebecca R. DeMarb, of Sweet DeMarb LLC, is appointed as the Receiver of the Businesses on a limited basis as set forth herein. The Receiver shall have the authority and duties set forth in this Order.

*Purpose of Receivership*

2. The Receiver is appointed for the sole purpose of assisting and effecting the Businesses' compliance with the Consent Judgment and Stipulated Order of Permanent Injunction (Dkt. 6). All of the Receiver's and the Businesses' duties and responsibilities, as enumerated below, are to be interpreted and carried out in light of that sole purpose.

*Receiver's Authority and Access*

3. The Receiver shall have immediate access and control over the Businesses' books and records including, but not limited to, journals, ledgers, bank statements, checkbooks, check registers, financial statements, invoices, receipts, contracts, payroll records, tax returns and forms, and any electronically-stored records, such as those created using QuickBooks or other computer programs. Each and every person having possession, custody or control of the Businesses' books and records as set forth herein shall turnover access and control of the same to the Receiver.

4. The Receiver shall have immediate access and control over the keys and codes (including passwords and security codes) necessary to gain or secure access to any of the Businesses' assets or documents, information, or computer programs, including but not limited to, access to the Businesses' premises, communications systems, online banking accounts, computer systems, QuickBooks, and other programs, systems, tools, or property. Each and every person having possession, custody or control of the Businesses' property as set forth herein shall immediately turnover information necessary to provide the Receiver with such access.

5. Each and every person with relevant information and documents of the Businesses shall cooperate with the Receiver in furtherance of her duties set forth in this Order.

6. The Receiver may delegate her duties under this Order to the staff at Sweet DeMarb LLC and such staff persons, acting under the Receiver's supervision, shall have the same authority and cooperation from Nowak, AmericanWay, the Assisted Living Facilities, and the employees thereof as the Receiver under this Order.

7. The Receiver may employ accountants, legal counsel, and other professionals to discharge her duties under this Order. Such professionals shall be reasonably compensated for any services provided in the normal course of business at a rate no higher than that charged by the Receiver, subject to review and approval by the Court.

8. Any compensation paid from the Businesses to Nowak shall be made upon the approval of the Receiver and shall be paid only subject to cash availability.

9. The Receiver shall have the powers and authorities necessary to discharge her duties under this Order even if such powers and authorities were not specifically listed in this Order. Should Nowak or the Businesses contest the proposed exercise of authority not listed in this Order, the parties should request relief from the Court.

***The Duty of Nowak, AmericanWay, and the Assisted Living Facilities to Cooperate***

10. Nowak, the Businesses, and any employees thereof shall cooperate with the Receiver and shall be enjoined from interfering in any manner with the discharge of the Receiver's duties and exercising her authorities set forth in this Order.

11. Nowak, the Businesses, and any employees thereof shall have specific responsibility to fully account for all payments to the Businesses either by check, cash or other payment method and shall not undertake any mechanism designed to divert funds or subvert the full accounting of all such payments.

***Receiver's Reports to the Court and the Receivership Term***

12. Within 30 days after the entry of this Order, the Receiver shall make an accounting to the Court (the "Report"), made to the best of the Receiver's knowledge and belief at the time of such Report and upon the Receiver's review of the Businesses' information provided to the Receiver pursuant to this Order, of the assets and financial condition of the Businesses. Specifically, the Report shall inform the Court of the Businesses' financial viability, including but not limited to the Businesses' ability to repay its existing federal tax obligations and stay current on such obligations on a going-forward basis.

13. The Receiver may be removed at any time by the Court and replaced with a successor. If the Receiver decides to resign, she shall give 30 days' written notice to the Court and the parties of such intention, and the resignation shall not be effective until the Court has appointed a successor. The Receiver shall then give her successor any records she maintained in connection with her duties under this Order and cooperate with the successor regarding the transfer of the Receiver's duties and authorities under this Order.

14. Any party may move the Court at any time to modify the terms of the receivership or to terminate it for good cause.

15. The Receiver is empowered to bring any appropriate matters to the attention of the Court to compel compliance by the Businesses or to seek further direction from the Court on any matter pertinent to her duties.

*Payment of Compensation and Expenses*

16. The Receiver shall be reasonably compensated for performing her duties under this Order by assets of the Businesses or, if the Businesses do not have funds available to pay the Receiver, from Nowak personally. The Receiver shall be compensated at the hourly rate of $350.00 per hour worked by the Receiver herself and at a lower rate for hours worked by

her professional staff at Sweet DeMarb LLC. Subject to the Court's prior approval, the Receiver may engage professionals to assist the Receiver, and any such professionals may be compensated at customary rates no higher than $350.00 per hour, upon submission of invoices for services to the Receiver, subject to review and disgorgement upon Court order. The Receiver shall be paid at her full hourly rate for travel time.

17. The Receiver shall be reimbursed for her reasonable and necessary expenses, at cost, including but not limited to mileage, postage, and copying.

18. The Report shall include a written application to the Court for its approval of payments for her compensation and expenses through the date of the Report, which the Court shall approve or modify in its discretion.

19. The Businesses shall pay her invoices for fees and expenses within five (5) days of service of an invoice by the Receiver. The Receiver shall hold such payment in escrow until approval by the Court of the same. Service of invoices shall be deemed to be complete upon the Receiver emailing invoices to Nowak at the following address: 621 Latton Lane, Portage, WI 53901, or via an email address to be provided by Nowak to the Receiver. Once approved by the Court, the Receiver may transfer funds from her escrow account to her operating account and, in doing so, pay the invoice. The Receiver may serve Nowak with invoices as often as weekly, but the Receiver may only pay herself from her escrow account once such fees are approved by the Court.

20. All compensation and expenses paid to the Receiver shall be reasonable and are subject to later review and formal approval by the Court through the Receiver's written application for approval of payments, as part of the Report. In the event the Court does not approve a

payment that was already been made to the Receiver in escrow, the Receiver shall return such amounts to the payee.

*Release*

21. No bond shall be required in connection with the appointment of the Receiver.

22. The Receiver and its agents shall not be liable to the Businesses or to any of their creditors for anything that they may in good faith do or omit to do hereunder, or for any conduct whatsoever, except for conduct in bad faith. The Receiver does not assume any liability under any executory contract(s) or expired lease(s) of the Businesses, including, without limitation, any lease of real or personal property.

23. The Receiver shall not be deemed in any way to be an owner of the Businesses' property. The Receiver shall not be personally liable for any obligation of the Businesses that arises after entry of this Order, including, without limitation, any contingent or unliquidated obligations. Liabilities incurred by the Receiver in its capacity as Receiver pursuant to this Order shall be liabilities of the receivership and not personal liabilities of Receiver. The Receiver shall not be obligated to advance any funds to pay any such liabilities.

24. The Receiver, in the performance of its duties, shall not be deemed in any way to be a responsible person, owner or operator with respect to the operation or management of any of the property of the Businesses, as such terms are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq., as amended, or any similar federal or state statute. In its capacity as Receiver, the Receiver shall have all protections available to a "fiduciary" under applicable federal and state laws, including, without limitation, derivative judicial immunity. Liabilities incurred by the Receiver in its capacity as Receiver pursuant to this Order shall be

liabilities of the receivership. The Receiver and its officers, directors, members, employees, agents, and representatives shall have no personal liability for any claims or damages, including, but not limited to, environmental claims, remediation, cleanups, or corrective actions, whether arising before or after the entry of this Order, or in connection with the property of the Businesses, the operations thereof, or any of the Receiver's duties. Nothing in this Order shall in any way be construed or interpreted to impose or allow the imposition upon the Receiver of any liability for any claims arising from the pre-commencement or post-commencement activities of the Receiver or its officers, directors, members, employees, agents, and representatives and their successors and assigns.

25. The Receiver shall not, by exercise of any authority under this Order, be deemed to possess or control, nor hold title to the subsurface of any property, nor any hazardous waste or hazardous substance. The terms "hazardous waste" and/or "hazardous substance" mean those substances which are regulated by, or form the basis of liability under, any federal, state, or local environmental laws, including, without limitation, asbestos, polychlorinated biphenyls ("PCBs"), and radioactive substances, or any other material or substance which has in the past, or could in the future, constitute a health, safety, or environmental risk.

26. Except upon a finding by this Court that she acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of her duties, the Receiver shall not be liable for any loss or damage incurred by property of the Businesses, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of her duties.

*Jurisdiction and Application to Successor Businesses*

27. This Court shall retain jurisdiction over this case for the purpose of implementing and carrying out the terms of this Order, as well as the Consent Judgment and Stipulated Order of Permanent Injunction (Dkt. 6), and to consider any application or motion for additional relief within the jurisdiction of this Court.

28. If Nowak or the Businesses set up or begin using an entity other than the existing Businesses to operate the assisted living business currently conducted by them, such entity shall be subject to this Order to the same extent as Nowak and the Businesses.

It is **FURTHER ORDERED** that the Clerk shall mail this Order Appointing a Receiver to: (1) AmericanWay Management Corporation, 621 Latton Lane, Portage, WI 53901; and (2) Janis Nowak, 758 Waterview Drive, Round Lake Park, IL 60073.

So ordered this 20th day of April, 2017.

/s/
_____
James D. Peterson
United States District Judge