IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:16-cv-26<br>) |
| AMERICANWAY MANAGEMENT<br>CORPORATION, and<br>JANIS NOWAK, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER MODIFYING THE PERMANENT INJUNCTION

This matter has come before the Court upon the United States' Motion to Modify Injunction and Scope of Receivership (hereinafter, the "Motion to Modify"). (Doc. 27.) On April 20, 2017, the Court held defendants AmericanWay Management Corporation (hereinafter "AmericanWay") and Janis Nowak in civil contempt for disobeying the terms of Consent Judgment and Stipulated Order of Permanent Injunction on February 5, 2016 (hereinafter, "the Injunction"). (Doc. 18.) As a civil contempt sanction and pursuant to 26 U.S.C. § 7402(a), the Court appointed a receiver to assume financial control of both AmericanWay and the community-based residential facilities (CBRFs) owned and operated by Nowak (collectively, "the Businesses"). The Receiver was required to inform the Court of the Businesses' financial viability, "including but not limited to the Businesses' ability to repay AmericanWay's existing federal tax obligations and stay current on such obligations on a going-forward basis." (Doc. 19, ¶ 12.) The Receiver subsequently determined that the Businesses are not "financially viable." (Doc. 24, ¶ 4.)

The Injunction required, *inter alia*, that AmericanWay and Nowak: (1) withhold employment taxes from AmericanWay's employees' wages when such wages are paid;

1

(2) timely deposit its employment and unemployment taxes to the IRS; (3) timely file with the IRS all of the corresponding tax returns (Forms 940 and 941); and (4) are prohibited from paying AmericanWay's other creditors before timely paying its employment and unemployment tax liabilities as they come due. (Doc. 6 at ¶¶ 4(b),(c),(e),(f).)

Upon consideration of the Receiver's Report and the Motion to Modify, along with the accompanying sworn declarations from Attorney Paula Ryan of the Wisconsin Department of Health Services, and Internal Revenue Service Revenue Officer Michael Majewski, the Court finds that since it entered the Injunction on February 5, 2016, the defendants have repeatedly defied its terms. In particular, the defendants have committed the following violations:
(1) AmericanWay has accrued additional employment tax liabilities exceeding $400,000;
(2) AmericanWay has made only one employment tax deposit since May 9, 2016; and (3) Nowak has prioritized herself over the United States by paying herself at least $58,846.16 from 2016 through the first quarter of 2017. The Court also finds that the Court's contempt finding on April 20, 2017, has not rendered the defendants' compliance with the Injunction. Finally, as determined by the Receiver, the Court finds that the Businesses operated by the defendants are not financially viable and are thus incapable of repaying their existing federal tax liabilities—which exceed $2.4 million—or complying with their future federal tax obligations.

In light of these findings, it is hereby **ORDERED** that the United States' Motion to Modify is **GRANTED**. Accordingly, pursuant to 26 U.S.C. § 7402(a) and the Court's inherent equitable authority, it is hereby **ORDERED** that the Consent Judgment and Stipulated Order of Permanent Injunction entered in this case on February 6, 2016 (Doc. 6.) is modified as follows:

1. For purposes of this Modified Permanent Injunction, AmericanWay Management Corporation, American Way of Randolph, LLC, AmericanWay of Portage, LLC, and

all community-based residential facilities (CBRFs) operated by AmericanWay of Randolph, LLC and AmericanWay of Portage, LLC, which include two CBRFs in Randolph, Wisconsin and three CBRFs in Portage, Wisconsin are collectively defined as the "Businesses".

2. Notwithstanding the terms of paragraph 4(g) of the Injunction, the Court expects that Nowak and/or the Businesses, as applicable, will sell or otherwise transfer all property related to the operations of the Businesses, including real estate owned by the Businesses (the "Transfers"), and that they will do so no later than January 6, 2018. As part of the closing on such Transfers, the Receiver shall review the terms of the Transfers and consent in writing to the Transfers, if it is in her best business judgment to do so with the goals of ending the operations of the Businesses in mind. An email from the Receiver stating, "The Receiver consents to the sale or transfer of _____ from _____ to _____" shall be sufficient for the consent to be "in writing". Any transfer made with the Receiver's written consent expressly does not violate the terms of the Injunction. This paragraph is being added at the request of certain title companies and is intended to further the ability of Nowak or the Businesses to transfer or sell the Businesses' assets, particularly the real estate.

3. If any of the Businesses remain operating under Nowak's control after January 6, 2018, or if any of the Businesses or Nowak employ any employees after January 6, 2018, then the terms of this paragraph 3 will control. Nowak and all persons acting in concert or participation with the Businesses shall fully cooperate with the Receiver to ensure that the Businesses completely cease operating no later than May 6, 2018. The Receiver shall take all actions reasonably necessary to ensure that all operations cease

by May 6, 2018, including involving the State of Wisconsin in an emergency plan to transfer all residents to other facilities.

4. To protect the health, safety, welfare, well-being, and rights of the residents presently living in the Businesses' licensed CBRFs, Nowak and AmericanWay shall ensure that the Businesses fully comply with Wisconsin Statutes Chapter 50 and Wisconsin Administrative Code Chapter DHS 83 in the operation of each CBRF until the last resident has been moved from the facility <u>or until a transfer of ownership, control, and management occurs</u>. Such compliance includes, but is not limited to, meeting the requirements of the following sections: Wis. Stat. § 50.03(5m), (13) & (14) and Wis. Admin. Code §§ DHS 83.10, 83.11, 83.13(2)(b), 83.31, and 83.34(4) & (7), regarding transfer of ownership, outstanding violations, resident removal, facility closure, retention of resident records and accounting of resident funds.

5. Nowak shall provide a complete accounting of any money, property or other assets belonging to the Businesses to the Receiver and counsel for the United States <u>within 30 days</u> of this order.

6. AmericanWay and Nowak and those persons acting in concert or participation with the Businesses shall provide the Receiver and counsel to the United States with written notice at least <u>7 days</u> prior to transferring, disbursing, or assigning any of money, property or assets belonging to the Businesses.

7. Nowak, whether acting individually or doing business as any other entity, is hereby permanently restrained and enjoined from owning, controlling or operating an assisted living facility or a CBRF, until the earlier of: (1) Nowak's successful petition

for relief from the Modified Permanent Injunction as described in paragraph 7 below; or (2) ten years.

   a. This Modified Permanent Injunction does not preclude Nowak from consulting for or serving as an employee or contractor of an assisted living facility, CBRF, or other entity that provides management services to assisted living facilities or CBRFs. However, in her role as consultant, employee or contractor, Nowak shall be prohibited from having any control or authority over the entity's financial accounts.

   b. Further, in her role as consultant, employee or contractor, Nowak shall also be prohibited from having any responsibility for accounting for and paying over federal employment, unemployment, and corporate taxes of the entity, or for filing Forms 940, Forms 941, or federal corporate income tax returns on the entity's behalf.

8. Should Nowak seek relief from this Modified Permanent Injunction within the next ten years, she may petition the Court for such relief by demonstrating that she is capable and likely to own, control or operate an assisted living facility, CBRF, or any other entity that provides management services to assisted living facilities or CBRFs in a manner that does not interfere with the enforcement of the internal revenue laws.

Is it **FURTHER ORDERED** that the United States shall be permitted to issue discovery requests during the term of this Modified Permanent Injunction to assure that the defendants and the Businesses are complying with the terms thereof. The Court shall retain jurisdiction of this action for the purposes of implementing and enforcing this injunction and entering all additional decrees and orders necessary and appropriate for the public interest.

It is **FURTHER ORDERED** that the Clerk shall mail this Modified Permanent Injunction to: (1) AmericanWay Management Corporation, 621 Latton Lane, Portage, WI 53901; and (2) Janis Nowak, 758 Waterview Drive, Round Lake Park, IL 60073.

It is so ordered this __16TH__ day of __NOVEMBER__, 2017.

_____
JAMES D. PETERSON
United States District Judge